

**U.S. Department of Justice**

United States Attorney

District of Connecticut

*Connecticut Financial Center*
*157 Church Street, Floor 25*
*New Haven, Connecticut 06510*

*Telephone: (203) 821-3700*
*Fax: (203) 773-5376*
*www.usdoj.gov/usao/ct*

March 5, 2014

Rachel Baird, Esq.
8 Church Street - Suite 3B
Torrington CT 06790-5247

      Re:    <u>United States v. BMG LLC and Brian Vanacore,</u>
             Crim. No. 3:14cr 41 (MPS)

Dear Ms. Baird:

      This letter confirms the plea agreement entered into between your clients, BMG LLC ("BMG") and Brian Vanacore ("Vanacore") (collectively referred to as "the defendants"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

      BMG agrees to plead guilty to Count One of the Information charging it with making a false entry into a firearms dealer's acquisition and disposition records, in violation of 18 U.S.C. §§ 922(m) and 924(a)(3)(B). Vanacore agrees to plead guilty to Counts Two and Three of the Information charging him with failing to maintain proper firearms dealer's records in not properly logging in acquired and transferred firearms into BMG's acquisition and disposition records and in failing to report the multiple sale of handguns, in violation of 18 U.S.C. §§ 922(m) and 924(a)(3)(B) (Counts Two and Three). BMG and Vanacore understand that to be guilty of these offenses the following essential elements must be satisfied:

<u>Counts One, Two and Three – 18 U.S.C. § 922(m)</u>

1.     That the defendant was a federally licensed firearms dealer at the time the alleged offense occurred; and

2.     That the defendant knowingly failed to make an appropriate entry in, made a false entry in, or failed to maintain the firearm records he was required by federal law to maintain.

1

*Attorney Rachel Baird*
*March 5, 2014*

### THE PENALTIES

The offenses charged in Counts One, Two and Three each carry a maximum penalty of one year in prison, five years of probation, and a $100,000 fine. Supervised release is not authorized for these offenses.

Both defendants also are subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on each defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $100,000.

In addition, each defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $25.00 on each count of conviction. The defendants agree to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

### FORFEITURE

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendants agree to forfeit to the United States their interest in the following firearms, all of which are required to be registered to their proper owner under the National Firearms Act:

1. One SWD, model M11, machinegun bearing serial number 86-0010683;

2. One AWC, model badlander, silencer bearing serial number 030708;

3. One RPB, model M10, machinegun bearing serial number B1883;

4. One SPECIAL TECH, model ULTRA II, silencer bearing serial number 020909;

5. One AWC, model ARC ANGEL, silencer, bearing serial number 061147;

6. One SPECIAL TECH, model RAIDER, ~~machinegun~~ silencer [handwritten initials] bearing serial number 040122;

7. One COLT, model SP-1, machinegun bearing serial number SP62019;

8. One AK 47 machinegun bearing serial number 2L7952;

9. One OPS, model 3rd, silencer bearing serial number MBS7263;

10. One JOHN STEMPLE, model 76/45, machinegun bearing serial number 1427;

11. One Coastal, model XTREME DUTY, silencer bearing serial number XDS321;

12. One RPB IND, model M10, machinegun bearing serial number C51;

2

*Attorney Rachel Baird*
*March 5, 2014*

      13.      One AWC, model Thundertrap, silencer bearing serial number 040129;

      14.      One SWD Inc., Model M11, machinegun bearing serial number 83-0001029;

      15.      One Daniel Defense/SWR, model Barell/Suppressor Trident 9, silencer bearing serial number T9-1163.

The defendants agree to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-listed assets covered by this agreement. The defendants further agree to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this plea agreement on any grounds. The defendants also understand and agree that, by virtue of their pleas of guilty, they waive any rights or cause of action to claim that they are substantially prevailing parties for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

If, at the conclusion of the plea, sentencing, and forfeiture proceedings in this case, the registered owner of one or more of any of the fifteen firearms listed above has filed a forfeiture claim for that weapon with the Bureau of Alcohol, Tobacco, Firearms and Explosives or is the undisputed owner of record, and that registered owner is not prohibited by law from receiving or possessing the firearm or firearms at issue, ATF will return any firearm covered by the forfeiture claim to the registered owner of the firearm.

## THE SENTENCING GUIDELINES

### Applicability

The defendants understand that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005). The defendants expressly understand and agree that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendants, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendants further understand that they have no right to withdraw their guilty pleas if the sentence or the Guideline application is other than they anticipated.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels each defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on their prompt recognition and affirmative acceptance of personal responsibility for the offense. The defendants expressly understand that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon each defendant's affirmative

*Attorney Rachel Baird*
*March 5, 2014*

demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which each defendant is accountable under Sentencing Guideline § 1B1.3, and (2) truthfully disclosing to the Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendants' financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if either defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if either defendant seeks to withdraw the plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendants understand that they may not withdraw these pleas of guilty if, for the reasons explained above, the Government does not these recommendations or seeks denial of the adjustment for acceptance of responsibility.

Guidelines Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range. The following guideline calculations apply to each defendant.

Under U.S.S.G. § 2K2.1(a)(8), the base offense level is 6 because the offenses of conviction in this case are violations of 18 U.S.C. § 922(m). After a two-level reduction for acceptance of responsibility, the total offense level is 4.

Based on an initial assessment, the parties agree that the defendants have accumulated no criminal history points and each fall within Criminal History Category I. The parties reserve the right to recalculate the defendants' Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Assuming a Criminal History Category I, a total offense level of 4 would result in a guideline range of 0-6 months' imprisonment (sentencing table) and a fine range of $250 to $5,000 (U.S.S.G. § 5E1.2(c)(3)). The defendants will seek a sentence of probation, and the Government reserves its right to seek whatever sentence it deems appropriate under 18 U.S.C. § 3553(a), provided that this sentence does not exceed six months' incarceration, which is the top of the stipulated guideline range.

The defendants expressly understand that the Court is not bound by this agreement on the Guideline ranges specified above. The defendants further understand that they will not be

permitted to withdraw the pleas of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendants acknowledge that under certain circumstances they are entitled to appeal their convictions and sentences. It is specifically agreed that neither defendant will appeal nor collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed six months' imprisonment, five years' probation, and a fine of $100,000, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government will not appeal a sentence imposed within or above the stipulated sentencing range. The Government and the defendants agree not to appeal or collaterally attack the imposition of the sentence of imprisonment concurrently or consecutively, in whole or in part, with any undischarged sentence of imprisonment to which the defendants may be subject at the time of sentencing in this case. The defendants expressly acknowledge that they are knowingly and intelligently waiving these rights. Furthermore, it is agreed that any appeal as to the defendants' sentences that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendants' background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendants understand that they have the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent them.

The defendants understands that they have the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against them, the

*Attorney Rachel Baird*
*March 5, 2014*

right not to be compelled to incriminate themselves, and the right to compulsory process for the attendance of witnesses to testify in their defense.  The defendants understands that by pleading guilty they waive and give up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendants understand that, if they plead guilty, the Court may ask questions about each offense to which they plead guilty, and if they answer those questions falsely under oath, on the record, and in the presence of counsel, their answers may later be used against them in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendants agree that, should the convictions following defendants' pleas of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendants, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution.  The defendants agree to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendants acknowledge that they are entering into this agreement and are pleading guilty freely and voluntarily because they are guilty.  The defendants further acknowledge that they are entering into this agreement without reliance upon any discussions between the Government and them (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind.  The defendants further acknowledge their understanding of the nature of the offenses to which they are pleading guilty, including the penalties provided by law.  The defendants also acknowledge their complete satisfaction with the representation and advice received from their undersigned attorney.  The defendants and their undersigned counsel are unaware of any conflict of interest concerning counsel's representation of both defendants in the case.

## SCOPE OF THE AGREEMENT

The defendants acknowledge that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendants acknowledge that no representations have been made to them with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendants acknowledge that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving them.

*Attorney Rachel Baird*
*March 5, 2014*

## COLLATERAL CONSEQUENCES

The defendants understand that they will be adjudicated guilty of each offense to which they have pleaded guilty. The defendants understand that the Government reserves the right to notify any state or federal agency by which they are licensed, or with which they do business, as well as any current or future employer of the fact of these convictions. The parties agree that these convictions do not disqualify Vanacore from lawfully possessing a firearm or a pistol permit.

Moreover, with respect to firearms remaining in BMG's inventory (license numbers 6-06-003-01-6B-01900 and 6-06-009-07-4M-00980), or in the inventory of BDV Co. (license number 6-06-009-01-6D-35644), Vanacore shall sell said firearms to a Federally Licensed Firearms Dealer ("FFL") or transfer said firearms to an FFL for sale on consignment by close of business on the date of sentencing in this case. Vanacore shall record, in the Acquisition and Disposition book of the appropriate BMG or BDV license, the disposition of each firearm to the receiving FFL. Further, Vanacore shall then send the business records for each of the BMG and BDV licenses to the ATF Out-Of-Business Record Center at 244 Needy Rd., Martinsburg, West Virginia 25405. Should Vanacore be unable to accomplish the transfer, recording, and submission of the records prior to sentencing, the Government will not object to a reasonable continuance of sentencing to allow Vanacore to do so. As of the date of this plea agreement, Vanacore has transferred all of the firearms from BMG's inventory to himself and will maintain those firearms in his private inventory. Vanacore understands that, because he is no longer an FFL, he cannot engage in the unlawful dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A).

Finally, Vanacore and BMG explicitly agree that BMG's and BDV Co.'s federal licenses to deal in firearms (license numbers 6-06-003-01-6B-01900, 6-06-009-07-4M-00980, and 6-06-009-01-6D-35644) will be revoked, and neither defendant will challenge such revocation in any administrative or civil proceeding. Vanacore and BMG also agree that, for a period of five years commencing on the date of the judgment of conviction, they will no longer be an FFL or a responsible party for an FFL, and they will not make application for a federal license to engage in the business of importing, manufacturing, or dealing in firearms or ammunition either in their own names or in the name of any other individual, corporation, company, association, firm, partnership, society, joint stock company or other entity.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendants' guilty pleas, if accepted by the Court, will satisfy their federal criminal liability in the District of Connecticut as a result of their participation in the offenses which form the basis of the Information in this case. In particular, the defendants have satisfied their federal criminal liability as a result of the findings by the Bureau of Alcohol, Tobacco, Firearms and Explosives during an inspection of BMG's Newington and North Haven stores in or about July 2013.

The defendants understands that if, before sentencing, they violate any term or condition of this agreement, engage in any criminal activity, or fail to appear for sentencing, the

*Attorney Rachel Baird*
*March 5, 2014*

Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendants will not be permitted to withdraw their plea of guilty.

## NO OTHER PROMISES

The defendants acknowledge that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

*(signed)*
ROBERT M. SPECTOR
MICHAEL RUNOWICZ
ASSISTANT U.S. ATTORNEYS

The defendants certify that they have read this plea agreement letter and its attachment or have it read or translated to them, that they have had ample time to discuss this agreement and its attachment with counsel and that they fully understand and accept its terms.

_____     3/5/14
BRIAN VANACORE                Date

_____     3/5/14
BMG LLC                       Date
(by BRIAN VANACORE, PRINCIPAL)

I have thoroughly read, reviewed and explained this plea agreement and its attachment to my clients who advise me that they understand and accept its terms.

_____     3/5/14
RACHEL BAIRD                  Date
Attorney for the Defendants